NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| THOMAS TENNIS,<br><br>              Plaintiff,<br><br>v.<br><br>SELECTIVE INSURANCE COMPANY OF AMERICA,<br><br>              Defendant. | Case No. 2:15-cv-5801(SDW)(SCM)<br><br><br>**OPINION**<br><br><br>March 20, 2017 |

**WIGENTON**, District Judge.

Before this Court is Defendant Selective Insurance Company of America's ("Defendant" or "Selective") Motion for Summary Judgment pursuant to Federal Rule of Civil Procedure 56 ("Rule 56"). This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 4072. Venue is proper pursuant to 28 U.S.C. § 1391 and 42 U.S.C. § 4072. This motion is decided without oral argument pursuant to Federal Rule of Civil Procedure 78.

For the reasons discussed below, Defendant's Motion for Summary Judgment is **DENIED**.

**I.      BACKGROUND AND PROCEDURAL HISTORY**

Plaintiff Thomas Tennis ("Plaintiff" or "Tennis") owns a home in Brick, New Jersey. (Compl. ¶ 1.) At all relevant times, Defendant, a private insurance company incorporated in New

1

Jersey, insured Plaintiff's home under a Standard Flood Insurance Policy (the "Policy").[1] (Compl. ¶¶ 2, 4; Dkt. No. 45 ¶ 1.) The Policy provides that in the event of flood loss, the policy holder is required to send Selective "[w]ithin 60 days after the loss . . . a proof of loss, which is your statement of the amount you are claiming under the policy signed and sworn to by you . . .." (Dkt. No. 45 Ex. 1 at VII.J.4.) Following Super Storm Sandy ("Sandy") on October 29, 2012, FEMA issued several Bulletins which extended that 60-day deadline. (Dkt. No. 45 ¶ 13; *Id.* at Ex. 4.) FEMA's last extension was issued on April 28, 2014, and stated that "the time allowed to file a proof of loss . . . is now twenty-four (24) months after the date of loss." (Dkt. No. 45 ¶ 13; *Id.* at Ex. 4 (noting that "the proof of loss for any additional amounts claimed by the insured over and above what has previously been allowed and paid, with supporting documentation, must be received by the insurer on or before October 29, 2014").)

On or about October 29, 2012, Plaintiff's home was damaged by Sandy. (Compl. ¶¶10, 11; Dkt. No. 45 ¶¶ 4-6.) Plaintiff reported a claim to Selective on November 1, 2012. (Dkt. No. 45-6 ¶ 4.) An independent adjuster hired by Selective inspected the property on November 28, 2012, and Selective made payments of $10,000 on December 11, 2012 and $111,381.55 on February 12, 2013 for Plaintiff's claim. (*Id.* ¶¶ 5-6.) Subsequently, Plaintiff sought additional reimbursement for amounts he claimed were incurred in repairing the Sandy damage. (*Id.* ¶ 7.) Selective denied Plaintiff's requests for additional reimbursement on February 13, 2014. (*Id.* ¶ 8; Dkt. No. 45 Ex. 2; Dkt. No 46-1 ¶ 8.) On December 16, 2014, Plaintiff wrote to Selective to report cracks in the foundation of his home that he attributed to Sandy. (Dkt. No. 45 ¶ 9; Dkt. No. 46-1

---

[1] Selective is a "Write Your Own" ("WYO") carrier in the National Flood Insurance Program pursuant to the National Flood Insurance Act ("NFIA"). (Compl. ¶ 3.) *See In re Van Holt*, 163 F.3d 161, 165 (3d Cir. 1998) (discussing the program). The National Flood Insurance Program is administered by the Federal Emergency Management Agency ("FEMA"). *See id.* at 165.

¶ 9.) On April 2, 2015, Selective denied Plaintiff's December 16th claim. (Dkt. No. 45 ¶ 11; *Id.* at Ex. 3.)

On July 27, 2015, Plaintiff filed a one-count Complaint in this Court for breach of contract. (Dkt. No. 1.) On November 30, 2015, Defendant filed its Answer. (Dkt. No. 12.) Defendant filed the instant motion on November 18, 2016 (Dkt. Nos. 43, 44, 45), alleging that Plaintiff "failed to comply with the federally-mandated terms of his . . . Policy by not submitting a signed, sworn, Proof of Loss within the time permitted by the terms of the [P]olicy" and that Plaintiff's Complaint "is time-barred under the applicable . . . Policy's one-year time limit to initiate suit." (Dkt. No. 44 at 1.) Plaintiff filed his opposition on December 15, 2016. (Dkt. No. 46.) Defendant filed its reply (Dkt. Nos 47, 48) on December 22, 2016.[2]

## II. LEGAL STANDARD

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The "mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986). A fact is only "material" for purposes of a summary judgment motion if a dispute over that fact "might affect the outcome of the suit under the governing law." *Id.* at 248. A dispute about a

---

[2] On December 22, 2016, Defendant also filed a Motion to Strike Exhibit O to Plaintiff's Opposition Brief. (Dkt. Nos. 49, 50.) Plaintiff opposed the Motion to Strike on January 3, 2017 and Defendant filed its reply on January 10, 2017. (Dkt. Nos. 51, 52.) Exhibit O is a "Declaration of Plaintiff's Counsel" dated August 28, 2015 that sets out Plaintiff's attorneys' understanding of conversations they had with FEMA personnel regarding procedural requirements for filing Sandy claims, including extensions of filing deadlines. Defendant seeks to strike the exhibit on the grounds that it is not based on personal knowledge, it contains impermissible argument and legal conclusions, and contains impermissible hearsay. (*See* Dkt. No. 50.) Defendant's motion is denied. The exhibit is based on Plaintiff's counsels' personal knowledge of their communications with FEMA and does not contain impermissible legal arguments or hearsay. This Court notes, however, that the Declaration is not persuasive for purposes of the instant motion.

material fact is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* The dispute is not genuine if it merely involves "some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

The moving party must show that if the evidentiary material of record were reduced to admissible evidence in court, it would be insufficient to permit the nonmoving party to carry its burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). Once the moving party meets its initial burden, the burden then shifts to the nonmovant who must set forth specific facts showing a genuine issue for trial and may not rest upon the mere allegations, speculations, unsupported assertions or denials of its pleadings. *Shields v. Zuccarini*, 254 F.3d 476, 481 (3d Cir. 2001). "In considering a motion for summary judgment, a district court may not make credibility determinations or engage in any weighing of the evidence; instead, the non-moving party's evidence 'is to be believed and all justifiable inferences are to be drawn in his favor.'" *Marino v. Indus. Crating Co.*, 358 F.3d 241, 247 (3d Cir. 2004) (quoting *Anderson*, 477 U.S. at 255).

The nonmoving party "must present more than just 'bare assertions, conclusory allegations or suspicions' to show the existence of a genuine issue." *Podobnik v. U.S. Postal Serv.*, 409 F.3d 584, 594 (3d Cir. 2005) (quoting *Celotex Corp.*, 477 U.S. at 325). Further, the nonmoving party is required to "point to concrete evidence in the record which supports each essential element of its case." *Black Car Assistance Corp. v. New Jersey*, 351 F. Supp. 2d 284, 286 (D.N.J. 2004). If the nonmoving party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which . . . [it has] the burden of proof," then the moving party is entitled to judgment as a matter of law. *Celotex Corp.*, 477 U.S. at 322–23. Furthermore, in deciding the merits of a party's motion for summary judgment, the court's role is not to evaluate

4

the evidence and decide the truth of the matter, but to determine whether there is a genuine issue for trial. *Anderson*, 477 U.S. at 249. The nonmoving party cannot defeat summary judgment simply by asserting that certain evidence submitted by the moving party is not credible. *S.E.C. v. Antar*, 44 Fed. Appx. 548, 554 (3d Cir. 2002).

### III. DISCUSSION

"To state a claim for breach of contract, a plaintiff must allege (1) a contract between the parties; (2) a breach of that contract; (3) damages flowing there from; and (4) that the party stating the claim performed its own contractual obligations." *Gordon v. United Cont'l Holding, Inc.*, 73 F. Supp. 3d 472, 478 (D.N.J. 2014) (citing *Frederico v. Home Depot*., 507 F.3d 188, 203 (3d Cir. 2007)). The parties do not dispute that the Policy is a valid contract. The only issue is whether Plaintiff filed a timely Proof of Loss under the Policy's terms.[3]

The Policy provides that in the event of flood loss, the policy holder is required to send Selective a signed and sworn Proof of Loss within sixty days of an alleged loss. (Dkt. No. 45 Ex. 1 at VII.J.4.) At his deposition, Plaintiff testified that he could not remember if he submitted a Proof of Loss (Dkt. No. 45 ¶ 16, *Id.* Ex. 5 at 165:22-166:19), and Selective claims it is unable to find a signed and sworn Proof of Loss in its files. (Dkt. No. 45 ¶ 17.) Taken together, these facts suggest that Plaintiff breached his contractual obligations. However, Selective's corporate representative Stephen Weber testified at his deposition that it was possible that the file was incomplete. (Dkt. No. 46-14 at 111:20-25.). In addition, Selective's April 2, 2015 letter denying Plaintiff's claim stated that if Plaintiff appealed the denial, he would need to submit "a copy of the

---

[3] Although Selective argues that Plaintiff's Complaint is time-barred under the Policy's one-year limit to initiate suit, Selective failed to affirmatively state that defense in its Answer as required by Federal Rule of Civil Procedure 8(c)(1) and this Court will not address it here. *See, e.g.*, *Robinson v. Johnson*, 313 F.3d 128, 135 (3d Cir. 2002) (noting that the federal rules "require that affirmative defenses be pleaded in the answer"). Even if this Court were to address this issue, however, summary judgment would be denied because the nature and effect of Selective's letters to Plaintiff regarding his claim status and FEMA's extensions of deadlines create a genuine issue of material fact as to when Plaintiff was required to file suit under the Policy.

completed Proof of Loss form [Plaintiff] submitted to the insurer." (Dkt. No 45-3, Ex. 3.) Further, the Proof of Loss section of Selective's "Dwelling Form Claim Checklist" for Plaintiff's claim is filled in as "yes," suggesting that Selective had received acceptable proof. (Dkt. No. 46-5.) Finally, Weber also testified that Plaintiff's claim was not denied "due to a lack of proof of loss." (Dkt. No. 46-14 at 148:2-148:10.) Giving all favorable inferences to Plaintiff, there is a genuine issue of material fact as to whether Plaintiff complied with the Policy provision regarding proof of loss, making summary judgment inappropriate at this stage.

### IV. CONCLUSION

For the reasons set forth above, this Court **DENIES** Defendant's Motion Summary Judgment. An Order consistent with this Opinion follows.

                                                        s/ *Susan D. Wigenton*_____
                                                        **SUSAN D. WIGENTON**
                                                        **UNITED STATES DISTRICT JUDGE**

Orig:       Clerk
cc:         Hon. Steven C. Mannion, U.S.M.J.
            Parties